**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| DYKEBA SHENAE FRANK and YOLANDA FRANK BROUSSARD,<br>    *Plaintiffs,*<br><br>v.<br><br>WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE MASTR ASSET BACKED SECURITIES TRUST 2007-NCW MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-NCW,<br>    *Defendant.* | CIVIL ACTION NO. 4:22-cv-00065 |

**DEFENDANT'S AMENDED MOTION TO DISMISS PURSUANT TO**
**FED. R. CIV. P. 12(b)(6) AND MOTION FOR SUMMARY**
**JUDGMENT PURSUANT TO FED. R. CIV. P. 56**

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW Defendant WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE MASTR ASSET BACKED SECURITIES TRUST 2007-NCW MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-NCW ("Wells Fargo" or "Defendant"), and files its Amended Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56 against Plaintiffs Dykeba Shenae Frank ("Frank") and Yolanda Frank Broussard ("Broussard" and with Frank, collectively, "Plaintiffs") and, in support hereof, respectfully shows the Court as follows:

**I.**
**INTRODUCTION**

1.      This lawsuit is Plaintiffs' latest, bad faith attempt to impede Defendant's contractual and statutory rights to take possession of its collateral following default and an otherwise lawful foreclosure sale, unnecessarily increase the cost of litigation, and delay the

mortgagee's efforts to liquidate the Property. This lawsuit is the third lawsuit filed in connection with the Property, after a string of frivolous bankruptcy petitions which resulted in a show cause proceeding wherein the Honorable Jeff Bohm issued a twenty-two (22) page Findings of Fact and Conclusions of Law holding Broussard was "not a credible witness" and sanctioning Broussard for forging documents in the bankruptcy proceeding. *See*, *In re Yolanda Frank Broussard*, Case No. 17-35280, Dkt. No. 50. In the opinion, the bankruptcy court found that Broussard "willfully abused the judicial process" in an effort to "once again delay a legitimately scheduled foreclosure sale on the Property." *Id*. at p. 18. This lawsuit is no different.

2.      After exhausting all avenues to delay an inevitable foreclosure through bad faith bankruptcy filings and failed lawsuits seeking injunctive relief, Defendant foreclosed on February 4, 2020. Plaintiffs now further abuse the judicial system by seeking to delay Defendant's right to lawfully evict Plaintiffs and any occupant from the Property following the lawful foreclosure. Plaintiffs and their counsel's acts are egregious, bad faith, unethical, and serve no purpose other than to harass and prejudice Defendant and increase fees and costs.

## II.
## FACTUAL BACKGROUND

3.      This lawsuit involves the real property located at 6111 Westover Street, Houston, Texas 77033 (the "Property"), being more particularly described as follows:

> **LOT THIRTY-ONE (31), IN BLOCK SEVEN (7), OF BELFORT PARK, SECTION ONE (1), A SUBDIVISION IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 38, PAGE 18 IN THE MAP RECORDS OF HARRIS COUNTY, TEXAS**

4.      On or about February 22, 2007, Plaintiff Yolanda Frank Broussard executed a Deed of Trust in favor of Mortgage Electronic Registration Systems, Inc. as Nominee for Home123 Corporation (the "Deed of Trust") with respect the Property. *See* Exhibit A. The Deed

of Trust secured a promissory note executed by Broussard in the amount of $75,650 (the "Note"). *See* Exhibit B. The Deed of Trust was subsequently assigned to Defendant (the "Assignment"). *See* Exhibit C. Specialized Loan Servicing, LLC ("SLS") serviced the loan on Defendant's behalf.

5.      Broussard failed to remit monthly payments due under the Note.  The Note remained contractually due for the December 1, 2015 payment and all monthly installments due thereafter. On January 17, 2016, SLS sent a Notice of Default and Notice of Intent to Accelerate to Broussard informing her of the default and providing an opportunity to cure the default. *See* Exhibit D. Broussard failed to cure the default.

***Plaintiffs' Abuse of the Judicial System to Delay Foreclosure***

6.      In a further effort to avoid her obligations under the Note and cause delay, Broussard began a crusade of filing frivolous lawsuits, forging documents in bankruptcy court, and recording fraudulent documents in the real property records purporting to "rescind" the Deed of Trust. On September 18, 2019, Hon. David Hittner entered a Default Judgment against Yolanda Frank Broussard and Dykeba Frank finding that the two "Rescission of Fraudulent Deed of Trust and Assignment of Deed of Trust" recorded in the real property records are invalid and of no effect. *See* Civil Action No. 4:18-cv-02415, Dkt. No. 33. Additionally, Broussard executed two different Warranty Deeds conveying the Property to Plaintiff Dykeba Shenae Frank. *See* Exhibit E. Upon information and belief, Frank is Broussard's daughter and equally liable as a co-conspirator in Broussard's scheme to hinder and delay.

7.      On July 4, 2016, Broussard filed for Chapter 13 bankruptcy relief in the United States Bankruptcy Court for the Southern District of Texas – Houston Division under Case No.

16-33360 in an effort to prevent Defendant's foreclosure efforts. On July 29, 2016, the bankruptcy court dismissed Broussard's case after Broussard sought a voluntary dismissal.

8.     Less than two months later, on October 3, 2016, Broussard filed for Chapter 13 bankruptcy relief in the United States Bankruptcy Court for the Southern District of Texas – Houston Division under Case No. 16-34939. On April 20, 2017, the Honorable Judge Bohm dismissed Broussard's bankruptcy case and entered an order indicating that Broussard is "not allowed to file another bankruptcy petition unless she is represented by a board-certified bankruptcy attorney." *See*, *In re Yolanda Frank Broussard*, Case No. 16-34939, Dkt. No. 114.

9.     On July 27, 2017, Defendant posted the Property for the September 5, 2017 foreclosure sale in Harris County, Texas. *See* Exhibit F. On the morning of the scheduled foreclosure sale, Broussard filed yet another bankruptcy petition under Chapter 13 in the United States Bankruptcy Court for the Southern District of Texas – Houston Division under Case No. 17-35280. Because the Honorable Judge Bohm barred Broussard from filing another bankruptcy unless she was represented by a board-certified bankruptcy attorney, Broussard **forged** the signature of a bankruptcy attorney on the bankruptcy petition. Ironically, Broussard did not forge the signature of a board-certified bankruptcy attorney, but rather an attorney that regularly practices bankruptcy law in the Southern District of Texas.

10.     On October 31, 2017, the bankruptcy court issued an order requiring Broussard to appear and show cause why she should not be sanctioned for her conduct in the bankruptcy court. After an evidentiary hearing, Judge Bohm entered the twenty-two (22) page Findings of Fact and Conclusions of Law, finding that Broussard "took this step in order to once again obtain the benefit of the automatic stay so that a legitimate foreclosure sale on the Property would be

thwarted. [Broussard]'s tactics are egregious and cannot be tolerated," and she "deserves to be sanctioned." *See, In re Yolanda Frank Broussard*, Case No. 17-35280, Dkt. No. 50.

11.     On March 30, 2018, the bankruptcy court dismissed Broussard's fraudulent bankruptcy case and permanently barred Broussard from refiling bankruptcy under any chapter of the Bankruptcy Code, anywhere in the United States, unless she retained a board-certified bankruptcy attorney and through her attorney, requests and receives prior permission from the bankruptcy court. The bankruptcy court likewise imposed monetary sanctions against Broussard for her egregious conduct in "order to deter [Broussard] from future misconduct." *See id*.

12.     Judge Bohm's sanctions did not deter Broussard, and Broussard's misconduct did not stop.  On May 31, 2018, Defendant posted the Property for the July 3, 2018 foreclosure sale in Harris County, Texas. *See* Exhibit G. Without any further reprieve available from the bankruptcy courts, Plaintiffs turned to filing frivolous lawsuits in state court to further prejudice Defendant's ability to proceed with foreclosure. On July 2, 2018, Plaintiffs filed suit against SLS in the 11th Judicial District of Harris County, Texas under Cause No. 2018-44213. *See* Exhibit H. The case was styled *Yolanda Frank Broussard and Dykeba Frank v. Specialized Loan Servicing, LLC*. Plaintiffs inappropriately obtained an *ex parte* Temporary Restraining Order preventing Defendant from proceeding with the July 3, 2018 foreclosure sale.

13.     Plaintiffs' first state court lawsuit included causes of action for violations of the Texas Property Code, violations of the Real Estate Settlement Procedures Act ("RESPA"), trespass to try title, quiet title, and violations of the Texas Debt Collection Act ("TDCA"). On July 13, 2018, SLS removed the action to the United States District Court for the Southern District of Texas, Houston Division, under Civil Action No. 4:18-cv-02415. On April 18, 2019,

the Honorable David Hittner granted SLS's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). *See* Exhibit I.

14.    On December 30, 2019, Defendant posted the Property yet again for the February 4, 2020 sale. *See* Exhibit J. Defendant's foreclosure counsel likewise served Notice of February 4, 2020 sale on January 2, 2020 to both Broussard and Frank via certified U.S. mail, postage prepaid, return receipt requested. *See* Exhibit K. On the eve of the scheduled foreclosure sale, Broussard filed a *pro se* lawsuit in the 164th Judicial District of Harris County, Texas against SLS under Cause No. 2020-07259. *See* Exhibit L.

15.    Broussard's second state court lawsuit was nearly identical to Plaintiffs' first lawsuit. Despite seeking entry of a Temporary Restraining Order, the state court did not enter any injunctive relief, and on February 4, 2020, Defendant lawfully foreclosed on the Property as scheduled. *See* Exhibit M. Defendant was the highest bidder at the foreclosure sale with its credit bid of $93,141.87. *Id.*

16.    On February 12, 2020, SLS subsequently removed the second lawsuit to the United States District Court for the Southern District of Texas, Houston Division, under Civil Action No. 4:20-cv-00476. On June 24, 2020, the Honorable Lee H. Rosenthal entered a Memorandum Opinion granting SLS's Motion for Judgment on the Pleadings and subsequently entered a final judgment dismissing Broussard's second lawsuit with prejudice and without leave to amend based on claim preclusion. *See* Exhibit N.

***Plaintiffs' Continued Egregious Conduct to Delay Eviction***

17.    Shortly after Defendant lawfully foreclosed, various COVID-19 moratoriums went into effect which effectively prevented Defendant from proceeding with its efforts to evict Plaintiffs from the Property. Following expiration of the moratoriums, Defendant secured a

judgment of possession from the Harris County Justice of the Peace Precinct 7-1. The justice court subsequently issued a writ of possession that was set to be served on November 8, 2021.

18.     On November 2, 2021, Broussard filed *another* bankruptcy petition under Chapter 13 under Case No. 21-33598 in direct violation of the bankruptcy court's permanent prohibition from filing another bankruptcy case without prior approval obtained through a board-certified bankruptcy attorney. On December 7, 2021, the bankruptcy court entered an order striking Broussard's bankruptcy petition. *See*, *In re Yolanda Frank Broussard*, Case No. 21-33598, Dkt. No. 28.

19.     Although Defendant was prepared to proceed with the lawful writ of possession, Plaintiffs filed the instant frivolous lawsuit on January 4, 2022, in the 80th Judicial District of Harris County, Texas under Cause No. 2022-00332. Plaintiffs inappropriately obtained an *ex parte* Temporary Restraining Order preventing Defendant from evicting Plaintiffs from the Property.

20.     Plaintiffs are the definition of vexatious litigants which this Court cannot countenance. Broussard's repeated bankruptcy filings, including a forged bankruptcy petition, and multiple, frivolous lawsuits have severely prejudiced Defendant.  There is no merit to Plaintiffs' claims, and Plaintiffs' claims are already barred by claim preclusion. Plaintiffs filed this suit for no other purpose than to harass Defendant and unlawfully prevent Defendant from taking possession of its collateral.

## II.
## PROCEDURAL HISTORY

21.     On or about January 4, 2022, Plaintiffs filed this suit in state court, wrongfully naming Wells Fargo Bank, N.A. as defendant. The state court case received Cause No. 2022-

00332.  On or about January 7, 2022, Wells Fargo Bank, N.A. removed the case to this Court. [Dkt. No. 1].

22.     On July 7, 2022, this Court entered an order substituting Defendant as the proper party and dismissed Wells Fargo Bank, N.A. from the proceeding. [Dkt. No. 9].

23.     Plaintiffs wrongfully bring causes of action including (i) violations of the Texas Property Code; (ii) suit to remove cloud and quiet title; and (iii) violation of Tex. Civ. Prac. & Rem. Code § 12.002. Plaintiffs likewise seek recovery of actual damages and exemplary damages. Plaintiffs' claims and causes of action fail as a matter of fact and law.  The Court must grant summary judgment for Defendant.

### III.
### SUMMARY JUDGMENT EVIDENCE

24.     In support of its Motion for Summary Judgment, Defendant attaches as Exhibits "A" through "P," inclusive, and incorporates all of them into this Motion by reference:

Exhibit "A"    Deed of Trust

Exhibit "B"    Note

Exhibit "C"    Assignment

Exhibit "D"    Notice of Default and Intent to Accelerate

Exhibit "E"    Warranty Deeds

Exhibit "F"    Notice of September 5, 2017 Sale

Exhibit "G"    Notice of July 3, 2018 Sale

Exhibit "H"    Plaintiffs' Original Petition dated July 2, 2018

Exhibit "I"    Order Granting Motion for Judgment on Pleadings

Exhibit "J"    Notice of February 4, 2020 Sale

Exhibit "K"    Notice of February 4, 2020 Served on Plaintiffs

Exhibit "L"    Plaintiff's Original Petition dated February 3, 2020

Exhibit "M"    Substitute Trustee's Deed

Exhibit "N"    Memorandum Opinion on Motion for Judgment on Pleadings

Exhibit "O"    Defendant's Declaration in Support of Summary Judgment

Exhibit "P"    Affidavit in Support of Attorneys' Fees and Costs

**IV.**
**STANDARD OF REVIEW**

**A.    12(b)(6) STANDARD**

25.    A Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) admits the facts alleged in the complaint but challenges Plaintiffs' right to any relief based on those facts. *Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995). For purposes of a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997). A defendant may raise a 12(b)(6) defense at any time up to and including, but not beyond, trial on the merits. Fed. R. Civ. P. 12(h); *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 507 (2006).

26.    A Motion to Dismiss pursuant to 12(b)(6) is appropriate only if a plaintiff has not provided fair notice of his claims and factual allegations that, when accepted as true, are plausible and rise above mere speculation. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555-56 (2007). Conclusory allegations of law, inferences unsupported by facts, or a formulaic recitation of the elements in a complaint will not defeat a 12(b)(6) motion. *Id.*; *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft* at 1949.  Facts subject to judicial notice

may be considered for the purposes of a Rule 12(b)(6) motion. *Mullis v. United States Bankruptcy Court*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### B.    SUMMARY JUDGMENT STANDARD

27.    Summary judgment is proper in any case where there is no genuine issue of material fact. *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001). A fact is "material" if its resolution in favor of one party might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." *Id*. An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the non-moving party. *Id*.

28.    If the evidence rebutting the motion for summary judgment is only colorable or not significantly probative, summary judgment should be granted. *Id.* at 249-50; *Shields v. Twiss,* 389 F.3d 142, 149-50 (5th Cir. 2004).

29.    Under Rule 56(c) of the Federal Rules of Civil Procedure, the moving party bears the initial burden of "informing the…court of the basis for its motion and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue for trial." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 163 (5th Cir. 2006).

30.    A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (i) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (ii) showing there is no evidence to support an essential element of plaintiff's claim. *Celotex Corp.,* 477 U.S. at 322-25, 106 S.Ct. at 2552-54; *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.,* 76 F.3d 1245, 1251 (1st Cir. 1996).

**V.**
**ARGUMENT & AUTHORITIES**

31.     This case is simple.  Broussard defaulted under the terms of the Note and Deed of Trust. Frank has no contractual privity with SLS or Defendant, and merely retained an ownership interest in the Property subject to Defendant's lien before the foreclosure. Defendant rightfully and lawfully foreclosed on the defaulted mortgage despite Plaintiffs' attempt at judicial gamesmanship to thwart the foreclosure.  Plaintiffs now bring this frivolous suit to again hinder and frustrate Defendant's right to possession of the collateral following default and foreclosure.

**A.     RES JUDICATA AND COLLATERAL ESTOPPEL PRECLUDE PLAINTIFFS' CLAIMS.**

32.     "[W]hile res judicata is generally an affirmative defense to be pleaded in a defendant's answer, there are times when it may be raised on a Rule 12(b)(6) motion." *Meyers v. Textron*, 640 Fed. App'x 408, 420 (5th Cir. 2013) (holding "res judicata may be properly raised on a motion to dismiss when the facts are admitted or not controverted or are conclusively established."). "When all relevant facts are shown by the court's own records, of which the court takes notice, the defense of res judicata may be upheld on a Rule 12(b)(6) motion without requiring an answer." *Id*.

33.     To support a finding of *res judicata*, four elements must be present: (i) the parties are identical or in privity; (ii) the prior action was rendered by a court of competent jurisdiction; (iii) the prior action was concluded by a final judgment on the merits; and (iv) the same claim or cause of action was involved in both actions." *Id*.

         *a.   The parties are identical and in privity.*

34.     Broussard and Frank previously sued SLS in state court under Cause No. 2018-44213 (the "First Lawsuit"). *See* Exhibit H. SLS removed the First Lawsuit to this Court under

11

Civil Action 4:18-cv-02415. Plaintiffs asserted claims for (i) violations of the Texas Property Code; (ii) violations of RESPA; (iii) trespass to try title; (iv) quiet title; (v) violations of the TDCA; (vi) failure to provide accounting; and (vii) a declaratory judgment.

35.   Broussard filed a *second* suit against SLS in state court under Cause No. 2020-07259 (the "Second Lawsuit"). *See* Exhibit L. SLS likewise removed the Second Lawsuit to this Court under Civil Action 4:20-cv-00476. Broussard's petition from the Second Lawsuit was nearly identical to the petition from the First Lawsuit and asserted claims for (i) violations of the Texas Property Code; (ii) violations of RESPA; (iii) trespass to try title; (iv) quiet title; and (v) violations of the TDCA.

36.   SLS serviced Broussard's mortgage on behalf of Defendant. Thus, Defendant is in privity to satisfy a finding of *res judicata* from both the First Lawsuit and the Second Lawsuit.

> ### b.   The prior action was rendered by a court of competent jurisdiction.

37.   Like this Court, the court which rendered judgment in both the First Lawsuit and the Second Lawsuit had jurisdiction over the parties and claims before it pursuant to 12 U.S.C. § 1332.

> ### c.   The prior action was concluded by a final judgment on the merits.

38.   On April 18, 2019, Judge Hittner granted SLS's Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) in the First Lawsuit. *See* Exhibit I. Plaintiffs did not appeal the Court's ruling.

39.   On June 24, 2020, the Honorable Lee H. Rosenthal dismissed Broussard's claims in the Second Lawsuit with prejudice and without leave to amend based on claim preclusion. *See* Exhibit N. Broussard did not appeal the Court's ruling.

### d. *Plaintiffs assert the same claims and causes of action.*

40.     In the First Lawsuit, Plaintiffs asserted claims for violations of the Texas Property Code and quiet title. *See* Exhibit H. In the Second Lawsuit, Broussard again asserted claims for violations of the Texas Property Code and quiet title. *See* Exhibit L. Judge Hittner previously dismissed Plaintiff's claims relating to violations of the Texas Property Code finding no independent cause of action exists for violation of the Texas Property Code. *See* Exhibit I. Plaintiffs' quiet title claim is identical to the previous claims and is likewise barred by *res judicata*.

41.     The Court should, therefore, dismiss Plaintiffs' claims on these grounds.

### B. PLAINTIFFS' CLAIMS FOR VIOLATION OF THE TEXAS PROPERTY CODE FAIL AS A MATTER OF FACT AND LAW.

42.     A violation of the Texas Property Code may form the basis of a viable cause of action, but a violation of Section 51.002, standing alone, is not sufficient to state an independent claim. Section 51.002 of the Texas Property Code requires a lender to provide notice of default and intent to accelerate, specify the action required to cure the default, and give the debtor an opportunity to cure the default within a minimum of twenty (20) days. *Carey v. Wells Fargo, N.A.*, No. CV H-15-1666, 2016 U.S. Dist. LEXIS 105933, at *3 (S.D. Tex. Aug. 11, 2016). Section 51.002 of the Texas Property Code does not, however, provide a private right of action. *See e.g. Valuer v. Nationstar Mortgage, LLC*, No. H-17-0998, 2018 U.S. Dist. LEXIS 42134, at *9-10 (S.D. Tex. Feb. 1, 2018) (collecting cases and holding); *Texas Ashton v. BAC Home Loan Servicing, L.P.*, No. 4:13-CV810, 2013 U.S. Dist. LEXIS 100959, at *4 (S.D. Tex. Jul. 19, 2013) ("This Court has not found any cases that interpret section 51.002 to establish an independent right of action for damages. The section also does not contain its own enforcement mechanism."); *see also Rucker v. Bank of Am., N.A.*, 806 F.3d 828, 831 (5th Cir. 2015) ([T]he

federal district courts that have addressed [this issue] seem to conclude that Section 51.002 does not intend an independent private cause of action."). Because the Texas Property Code does not grant Plaintiffs a private cause of action, the Court must dismiss the claim.

43.     Even if the Texas Property Code creates an independent cause of action, the summary judgment evidence conclusively establishes that Defendant sent the requisite notices. Section 51.002(d) of the Tex. Prop. Code states that before a notice of sale can be given, a mortgage servicer must serve a debtor in default with written notice by certified mail stating that the debtor is in default and providing at least 20 days to cure the default. Tex. Prop. Code § 51.002(d). Upon the debtor's failure to cure the default, a mortgage servicer must provide written notice of the trustee's sale by certified mail on each debtor obligated to pay the debt. Tex. Prop. Code § 51.002(b)(3). The notice must be given at least 21 days before the date of sale, and it must be posted at the courthouse door of each county where the property is located and filed in the office of the county clerk. *Id*. The mailbox rule applies, and service by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address. *Id*. at § 51.002(e).

44.     SLS's Notice of Default and Intent to Accelerate satisfies every element of the Texas Property Code and relevant case law.  Broussard is the only obligor on the debt. *See* Exhibit B. SLS's January 17, 2016 letter to Broussard informs Broussard that the loan is in default for failure to pay installments as required. *See* Exhibit D. The notice provides an opportunity to cure the default within thirty-three (33) days of the notice. *Id*. Lastly, the notice provides clear and unequivocal notice that upon Broussard's failure to cure the default, SLS "will request the Trustee or Substitute Trustee to collect the amount through non-judicial

foreclosure or judicial foreclosure of the applicable liens against the property." *Id*. The notice is properly addressed to Broussard at the Property address and was sent by U.S. Certified Mail. *Id*.

45.    Broussard did not cure the default. On January 2, 2020, Defendant's foreclosure counsel sent its Notice of Acceleration and Notice of Sale to Plaintiffs. *See* Exhibit K. The Notice of Acceleration, which is also properly addressed to Plaintiffs at the Property address and sent by U.S. Certified Mail, informs Plaintiffs that the substitute trustee will sell the Property on February 4, 2020. *Id*. On December 30, 2019, the substitute trustee posted Notice of Sale at the Harris County courthouse and filed it in the office of the Harris County clerk. *See* Exhibit J.

46.    To the extent Plaintiffs allege that they did not <u>receive</u> notice of the sale, such an allegation lacks merit.  The mailbox rules applies, and pursuant to Tex. Prop. Code §51.002(e), "[s]ervice of a notice under this section by certified mail is complete when the notice is deposited in the United States mail, postage prepaid and addressed to the debtor at the debtor's last known address." Defendant was neither contractually nor statutorily required to give Plaintiff Dykeba Shenae Frank any notice of default or notice of sale. Plaintiffs' claims fail as a matter of law. This Court must grant summary judgment on these grounds.

## C.    PLAINTIFFS' QUIET TITLE CLAIM IS FATALLY FLAWED AND SHOULD BE DISMISSED.

47.    Plaintiffs baselessly request the Court to remove a cloud of title to the Property created by Defendant. Despite the fact that this claim is barred by *res judicata*, Plaintiffs' allegations nonetheless fail as a matter of fact and law.

48.    A suit to quiet title is an equitable action whose traditional purpose is to remove a cloud from the title of a property created by an invalid claim.  *Herrera v. Wells Fargo Bank, N.A.,* Civ. A. H-13-68, 2013 U.S. Dist. LEXIS 33592, 2013 WL 961511 (S.D. Tex. Mar. 12, 2013) (citing *Islamic Ass'n of DeSoto, Texas, Inc. v. Mortgage Electronic Registration Systems,*

*Inc.,* Civ. A. No. 3:12-cv-0613–D, 2013 U.S. Dist. LEXIS 6375, 2012 WL 169229, *6 (N.D. Tex. Jan. 16, 2013)). Plaintiffs bear the burden of proving "as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn v. Love,* 321 S.W.3d 517, 531 (Tex. App.-Houston [1st Dist.] 2009). The plaintiff must recover "on the strength of his or her title, not the weakness of this adversary's." *Reardean v. CitiMortgage, Inc.*, No. A-11-CA-420-SS, 2011 WL 3268307, at *5 (W.D. Tex. July 25, 2011).

49.     Plaintiffs' claim for quiet title appears to allege that Defendant clouded Plaintiffs' title by claiming it has a lien for security purposes and asserting the power to foreclose on the Property. This allegation fails as a matter of fact and law.  Broussard executed the Deed of Trust as security for her promise to pay according to the terms of the Note while simultaneously granting a lien on the Property. *See* Ex. A & B. The Deed of Trust was subsequently assigned to Defendant, thus transferring the rights and remedies contained within the Deed of Trust to Defendant. *See* Ex. C. As beneficiary of the Deed of Trust and pursuant to the Assignment, Defendant was the mortgagee entitled to enforce the power of sale remedy contained in the Deed of Trust. Tex. Prop. Code § 51.0001(4)(C) (stating "Mortgagee" means "if the security interest has been assigned of record, the last person to whom the security interest has been assigned of record.").

50.     Plaintiffs' quiet title claim fails a matter of fact and law.  The Court should dismiss Plaintiffs' quiet title claim with prejudice on these grounds.

### D. PLAINTIFFS ARE NOT ENTITLED TO RECOVERY UNDER TEX. CIV. PRAC. & REM. CODE 12.002

51.     Plaintiffs' allegation that Defendant violated Tex. Civ. Prac. & Rem. Code 12.002 is frivolously premised on the allegation that Defendant "cannot produce any evidence that the

Plaintiff's mortgage note has ever been transferred to Defendant." *See* Plaintiffs' Complaint, ¶ 16. Based on this absurd theory, Plaintiffs claim that an assignment was not filed with the Harris County real property records, and Defendant thus allegedly lacked standing to foreclose. *See id.* at ¶¶ 14-15.

52.     Both Defendant's summary judgment evidence and a simple review of the real property records confirm Plaintiffs' allegations are nonessential and must fail. To the extent Plaintiffs attempt to challenge the validity of the assignment, Plaintiffs lack standing to do so. Summary judgment is, therefore, proper on these grounds.

53.     Under the Texas Property Code, only two parties have standing to commence a non-judicial foreclosure sale: "the mortgagee or the mortgage servicer acting on behalf of the current mortgagee." *Miller v. Homecomings Fin., LLC,* Civ. A. No. 4:11–cv–04416, 2012 WL 3206237, *2 (S.D. Tex. 2012).   Judge Smith opined that when a party seeking to foreclose is not the original mortgagee, it must be able to trace its rights under the security instrument back to the original mortgagee by either showing that it is the holder of the note secured by the deed of trust by (1) possession of the note (either because it was issued to that person or by "negotiation," or (2) by proving "'successive transfers of possession and indorsement' establishing an 'unbroken chain of the title.'" *Id.* It may prove either by testimony or documentation that it is the owner of the note under common law principles of assignment through an unbroken chain of assignments. *Id.* at *3.

54.     The summary judgment evidence conclusively establishes that on July 23, 2015, Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Home123 Corporation, assigned all interest, liens, and rights under the Deed of Trust to Defendant. *See* Ex. C. On July 29, 2015, the Assignment was recorded in the real property records of Harris County,

Texas under Instrument No. 20150336567. Had Plaintiffs' counsel performed a simple search of the real property records before filing this frivolous lawsuit, counsel would have easily located the assignment that vitiates any allegation that there is a missing assignment.

55.    Despite the fact that Defendant's summary judgment evidence establishes it was the valid mortgagee entitled to foreclose by virtue of the recorded assignment, Texas law establishes that Plaintiffs have no standing to challenge assignments because they are not parties thereto. *Valdez v. Federal Home Loan Mortg. Corp.*, 2011 WL 7068386, *2 (N.D. Tex. 2011) ("As an initial matter, Ms. Valdez has no standing to contest the various assignments since she was not a party to these assignments."); *Spositi v. Federal Nat. Mortg. Ass'n*, 2011 WL 5977319, *4 n.2 (E.D. Tex. 2011) ("Defendants argue, and the Court agrees, that Plaintiff does not have standing to challenge the assignment."); *Eskridge v. Federal Home Loan Mortgage Corp.*, 2011 WL 2163989, *5 (W.D. Tex. 2011) ("Plaintiff has no standing to contest the various assignments as she was not a party to the assignments.").

56.    Plaintiffs plead no facts to support their claim that Defendant lacked authority to foreclose.  By virtue of the Deed of Trust, Broussard expressly granted a security interest in the Property to the mortgagee. *See* Ex. A.  Broussard conveyed the Property in trust, with power of sale. *Id*. Broussard's original lender assigned the Deed of Trust to Defendant, the current investor. *See* Ex. C. Defendant lawfully exercised its power of sale pursuant to the Deed of Trust upon default by Broussard.

57.    There is no missing link in the chain of title.  Plaintiffs are not a party to the Assignment.  Plaintiffs lack standing to challenge the Assignment.  For all these reasons, Plaintiffs fail to state a viable claim for relief.  The Court should dismiss Plaintiffs' claims with prejudice on these grounds.

## VI.
## REQUEST FOR ATTORNEYS' FEES AND COSTS

37.     Section 9 of the Deed of Trust provides that the Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided therein including, but not limited to, reasonable attorneys' fees and costs. Ex. A. The Deed of Trust further provides that expenses, including attorneys' fees, incurred by Defendant in protecting its rights in the Property and/or under the Deed of Trust become additional debt of the Borrower. *Id.* The Deed of Trust thus allows the lender to recover its reasonable attorneys' fees and costs incurred in defending this lawsuit. *Id.* The Fifth Circuit recently weighed in on identical language. *See Richardson v. Wells Fargo Bank, N.A., et al.*, 740 F.3d 1035, 2014 (5th Cir. 2014). The Fifth Circuit finds that a prevailing lender should recover attorneys' fees and costs based on identical language contained in the Deed of Trust. *Id.*

38.     The Fifth Circuit holds that similar language in loan documents entitles a lender to recover attorneys' fees "reasonably and appropriately incurred" in protecting its rights under a Deed of Trust." *In re Velazquez*, 660 F.3d 893, 899-900 (5th Cir. 2011). In this case, the parties have an enforceable contracting permitting Defendant to recover attorneys' fees and costs in this civil action.  The party seeking attorneys' fees is required to document the time spent and services performed. *Hensley v. Eckerhart*, 103 S.Ct. 1933, 1941 (1983).

39.     "Where counsel requests compensation at his normal billing rate and that rate is shown to be within the range of market rates for attorneys of similar skill and experience, the burden is on the opposing party to show that a lower rate should be used." *United States v. Cornerstone Wealth Corp., Inc.*, 3:98-CV-0601-D, 2006 U.S. Dist. LEXIS 36077, 2006 WL 1524592 at *2 (N.D. Tex. June 2, 2006), citing *Islamic Center of Miss., Inc. v. City of Starkville*,

876 F.2d. 465, 469 (5th Cir. 1989); *see also Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993) (court must articulate reasons for rejecting normal billing rate).

40.     In light of these provisions of the Deed of Trust and applicable law, there is an enforceable contract that permits the recovery of attorneys' fees.  Plaintiffs' claims against Defendant are legally and factually frivolous.  Defendant is entitled to reimbursements of its reasonable and necessary attorneys' fees and costs. *Cardenas v. Wells Fargo Bank, N.A.*, Civil Action No. 4:11-CV-02916, Docket No. 18, Memorandum and Order, pages 11-15, Southern District of Texas  (J. Hanks); *Fashakin v. Wells Fargo Bank, N.A.*, Civil Action No. 4:11-CV-00599, Docket No. 65, Order Granting Summary Judgment, pages 23-24, Southern District of Texas  (J. Gilmore); *Perri v. Wells Fargo Bank, N.A.*, Civil Action No. 4:11-CV-04018, Docket No. 53, Southern District of Texas  (J. Milloy); *May v. .Wells Fargo Bank, N.A.*, Civil Action No. 4:11-CV-03516, Docket No. 76, Southern District of Texas  (J. Atlas); *Khan v. Wells Fargo Bank, N.A.*, Civil Action No. 4:12-CV-01116, Southern District of Texas  (J. Atlas).

41.     In *Perri*, the Court found that "the terms of the contract, not statute, control the outcome of the issue." *Id.* (citing *Mohican Oil & Gas, LLC v. Scorpion*, 337 S.W.3d 310, 321 (Tex. App.-Corpus Christi 2011, pet. denied), *Wayne v. A.V.A. Vending, Inc.*, 52 S.W.3d 412, 417-18 (Tex. App.-Corpus Christi 2001, pet. denied)). The *Perri* Court found that "by signing the deed of trust and promissory note, the parties agreed that Defendant could recover the reasonable attorneys' fees necessarily expended in protecting its interest under those instruments." *Id.*, *see also Khan v. Wells Fargo Bank, N.A.*, Civil Action No. 4:12-CV-01116, Docket No. 80, Memorandum and Order, Southern District of Texas  (J. Atlas); *May v. Wells Fargo Bank, N.A.*, 2013 WL 4647673 (S.D. Tex. 2013) (J. Atlas); *Gossett v. Federal Home Loan Mortg. Corp.*, 919 F. Supp.2d 852, 862 (S.D. Tex. 2013).

42.     Plaintiffs' claims against Defendant lack merit.    The claims are not well-researched, and this falls directly on Plaintiffs' counsel as well as Plaintiffs.  All claims fail as a matter of law.   Plaintiffs' claims are frivolous and brought only for the purpose of delay. Defendant is entitled to the recovery of reasonable and necessary attorneys' fees and costs as a matter of law.

43.     Plaintiffs' and their attorney's pleadings in this matter violate Tex. Civ. Prac. & Rem. Code §§9.011 *et. seq.* and §§10.001 *et. seq.* because the pleadings are (i) groundless and brought in bad faith; (ii) groundless and brought for the purpose of harassment; or (iii) groundless and interposed for an improper purpose, such as to cause unnecessary delay or needlessly increase the cost of litigation.  There is no basis in law or fact for Plaintiffs to bring these claims against Defendant.

44.     As set forth in the Affidavit of Defendant's counsel attached hereto as Exhibit "P," Defendant has incurred reasonable and necessary attorneys' fees and costs in the amount of **$5,801** in defending this litigation. *See* Exhibit P. For the reasons set forth in the Affidavit, these attorneys' fees and costs are both reasonable and necessary. *Id*. Defendant hereby requests reimbursement of its reasonable and necessary attorneys' fees and costs jointly and severally from Plaintiffs and their counsel through the date of Final Summary Judgment.

**VII.**
**CONCLUSION**

45.     Plaintiffs make their claims in bad faith, and Plaintiffs are vexatious litigants.  For these reasons alone, the Court should dismiss this lawsuit with prejudice.   Based on the foregoing, Plaintiffs fail to state a claim upon which this Court may grant relief against Defendant.  Plaintiffs cannot seek relief from Defendant under any of the stated claims because Defendant conducted the foreclosure properly, and Defendant was the mortgagee entitled to

conduct the foreclosure sale. This suit is merely a vexatious attempt by Plaintiffs to harass Defendant and delay Defendant's right to liquidate the Property and live in the Property rent free and mortgage free following a lawful foreclosure conducted nearly three (3) years ago.

46.     The Court should, therefore, dismiss Plaintiffs' claims <u>with prejudice</u>, or alternatively, enter summary judgment for Defendant. The Court should further award Defendant its reasonable and necessary attorneys' fees and costs as requested herein jointly and severally from Plaintiffs and their counsel.

## VIII.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant WELLS FARGO BANK, N.A., AS TRUSTEE FOR THE MASTR ASSET BACKED SECURITIES TRUST 2007-NCW MORTGAGE PASS-THROUGH CERTIFICATES SERIES 2007-NCW respectfully requests that the Court (i) dismiss this case with prejudice and/or grant Defendant's Motion for Summary Judgment, (ii) award Defendant its reasonable and necessary attorneys' fees and costs payable by Plaintiffs and/or their counsel, and (iii) award Defendant such other and further relief at law, and in equity, as is just.

Respectfully submitted,

   //s// Branch M. Sheppard
BRANCH M. SHEPPARD
Texas State Bar No. 24033057
bsheppard@gallowaylawfirm.com

OF COUNSEL:

GALLOWAY JOHNSON TOMPKINS BURR & SMITH
A Professional Law Corporation
ANNAROSE M. HARDING
Texas State Bar No. 24071438
aharding@gallowaylawfirm.com
1301 McKinney, Suite 1400

Houston, Texas 77010
(713) 599-0700 (Telephone)
(713) 599-0777 (Facsimile)
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this Amended Motion to Dismiss and Motion for Summary Judgment was served on all parties of record on October 13, 2022 as follows:

***VIA CM/ECF***
RODNEY E. MOTON
3920 CYPRESS CREEK PARKWAY #260
HOUSTON, TEXAS 77068

　　/s// Branch M. Sheppard
Branch M. Sheppard