United States District Court
Southern District of Texas
**ENTERED**
July 21, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

|  |  |  |
|---|---|---|
| Dykeba Shenae Frank, and Yolanda Frank Broussard, | § § § § | |
| *Plaintiffs,* | § § | Case No. 4:22-cv-00065 |
| v. | § § § | |
| Wells Fargo Bank, N.A, as Trustee for the Mastr Asset Backed Securities Trust 2007-NCW Mortgage Pass-Through Certificates Series 2007-NCW, | § § § § § § | |
| *Defendant.* | § § § | |

## MEMORANDUM AND RECOMMENDATION

Before the Court is a combined motion to dismiss and motion for summary judgment filed by Defendant Wells Fargo Bank, N.A, as Trustee for the Mastr [sic] Asset Backed Securities Trust 2007-NCW Mortgage Pass-Through Certificates Series 2007-NCW's ("Wells Fargo"), Dkt. 15, and a separate motion for sanctions under Texas law and Federal Rule of Civil Procedure 11, Dkt. 23. Plaintiffs Yolanda Frank-Broussard ("Broussard") and Dykeba Frank did not file a response to either motion.

After reviewing the arguments, the record, and the applicable law, it is recommended that the Court grant Wells Fargo's requests for dismissal or summary judgment on all of Plaintiffs' claims, *see* Dkt. 15, and enter a take-

nothing judgment for Wells Fargo.  It is further recommended that Wells Fargo's request for reasonable attorneys' fees and costs as a sanction (Dkt. 15 at 21; Dkt. 23 at 14) be granted, but Wells Fargo must provide further substantiation supporting the appropriate amount.  Wells Fargo's additional request for a pre-suit injunction (Dkt. 23) should be denied.

## Background

This is a mortgage foreclosure action.  In February of 2007, Plaintiff Yolanda Frank Broussard ("Broussard" or "Frank-Broussard") purchased a property at 6111 Westover St, Houston, TX ("the Property") via a deed of trust from the Mortgage Electronic Registration System ("MERS") as nominee for Home123 Corporation ("Home123").  *See* Dkt. 15-1 at 1-2.  The deed of trust was secured by a promissory note held by Home123.  *See* Dkt. 15-2 at 1.  In 2015, Home123 transferred its interest in the deed of trust to Wells Fargo, *see* Dkt. 15-3 at 1, and Wells Fargo obtained servicing from Specialized Loan Servicing, LLC ("SLS"), *see* Dkt. 15-4 at 1.

After Broussard stopped paying the mortgage in late 2015, SLS sent her a notice of default, Dkt. 15-4, and a notice of intent to accelerate payments, Dkt. 15-5.  Broussard responded by filing a petition for bankruptcy.  *See In re Frank-Broussard*, 4:16-bk-33360, Dkt. 1 (Bankr. S.D. Tex. Jul. 4, 2016).[1]  Soon

---

[1] Pursuant to Federal Rule of Evidence 201, the Court takes judicial notice of filings in prior proceedings "'to establish the fact of such litigation and related filings,' but

thereafter, Broussard requested voluntary dismissal of her petition, which the bankruptcy court granted. *See id.*, Dkt. 19 at 1.

A few months later, Broussard filed another bankruptcy petition. *See In re Frank Broussard*, 4:16-bk-34939, Dkt. 1 (Bankr. S.D. Tex. Oct. 3, 2016). In April 2017, the bankruptcy judge dismissed the petition and entered an order barring Broussard from filing another bankruptcy case "unless she is represented by a board-certified bankruptcy attorney." *Id.*, Dkt. 114.

In 2017, Wells Fargo tried to foreclose again. But after SLS issued the notice of trustee's sale, *see* Dkt. 15-6 at 1, Broussard filed a third bankruptcy petition, *see In re Frank-Broussard*, No. 4:17-bk-35280, Dkt. 1 (Bankr. S.D. Tex. Sep. 5, 2017), which was dismissed, *id.*, Dkt. 50 at 1. The court imposed monetary sanctions and barred Broussard from filing for bankruptcy "anywhere in the United States, unless: (1) she retains a board-certified bankruptcy attorney to represent her; and (2) through her attorney, she requests and receives prior permission from this Court ...." *Id.*, Dkt. 51 at 1.

Undeterred, Broussard persisted in her attempts to obstruct foreclosure by filing more suits. When SLS posted a new notice of trustee sale for July

---

generally cannot take notice of the findings of fact from other proceedings because those facts are usually disputed and almost always disputable." *Ferguson v. Extraco Mortgage Co.*, 264 F. App'x 351, 352 (5th Cir. 2007) (per curiam) (quoting *Taylor v. Charter Med. Corp.*, 162 F.3d 827, 829 (5th Cir. 1998)); *see also, e.g., McCorstin v. U.S. Dep't of Labor*, 630 F.2d 242, 244 (5th Cir. 1980) (concluding that "[a]n allegation of perjury clearly is not contemplated by the judicial notice rule").

2018, *see* Dkt. 15-7 at 1, Broussard—now joined by Dykeba Frank—filed a state-court suit against SLS alleging violations of the Real Estate Settlement Procedures Act, the Texas Debt Collection Act, the Texas Property Code, and asserting trespass to try title and quiet title claims.  *See Broussard v. Specialized Loan Servicing, LLC*, Cause No. 2018-44213 (11th Jud. Dist. Ct., Harris Cnty., Tex. Jul. 2, 2018).  Plaintiffs obtained an ex parte temporary restraining order preventing the foreclosure sale from proceeding.  *See id.* at Doc. No. 80643750 (signed July 3, 2018).

SLS removed the suit to this Court, *Broussard v. Specialized Loan Servicing, LLC*, No. 4:18-cv-02415, Dkt. 1 (S.D. Tex. Jul. 13, 2018) ("2018 Suit"), and counterclaimed, *id.*, Dkt. 15.  United States District Judge David Hittner granted SLS's motion for judgment on the pleadings, *see id.*, Dkt. 23,[2] further granting SLS a default judgment on its counterclaim and invalidating fraudulent filings that Broussard had recorded in the real property records, *see id.*, Dkt. 33 (declaring "invalid and of no effect" two documents purporting to rescind the deed of trust and assignment of deed of trust).

After obtaining final judgment in its favor, SLS posted a new notice of foreclosure sale.  *See* Dkt. 15-10 (setting Feb. 4, 2020 date of sale).  Once more, Broussard—this time acting solo—filed suit in state court ("2020 Suit";

---

[2] The Court's opinion in the 2018 Suit is available at *Broussard v. Specialized Loan Servicing, LLC*, 2019 WL 13254589 (S.D. Tex. Apr. 18, 2019).

4

collectively with 2018 Suit, the "2018 and 2020 Suits"), asserting the same claims as in the 2018 Suit.  *See Frank-Broussard v. Specialized Loan Servicing, LLC*, No. 2020-07259, Doc. No. 89247851 (164th Jud. Dist. Ct., Harris Cnty, Tex. Feb. 3, 2020).  *Compare* Dkt. 15-11 at 6-10 (same claims), *with* Dkt. 15-16 (same).  After removal, United States District Judge Lee Rosenthal granted SLS's motion for judgment on the pleadings and dismissed the suit with prejudice as barred by res judicata.  *See Frank v. Specialized Loan Servicing, LLC*, No. 4:20-cv-00476, 2020 WL 3473716, at *3-4 (S.D. Tex. June 24, 2020).

Moratoriums on foreclosures during the COVID-19 pandemic temporarily halted foreclosure of the Property.  When those moratoriums were lifted in late 2021, Wells Fargo finally was able to secure a judgment and writ of possession from the Harris County Justice of the Peace in precinct 7-1.  *See* Dkt. 15-14 at 3 (Declaration of Cynthia Wallace).

But Broussard filed yet another bankruptcy petition on November 2, 2021.  *In re Frank-Broussard*, Case No. 21-33598, Dkt. 1 (Bankr. S.D. Tex. Nov. 2, 2021).  The court swiftly struck her filing because it violated the court's prohibition that she refrain from filing another bankruptcy case without prior approval and representation by a board-certified bankruptcy attorney.  *Id.*, Dkt. 28 (order entered Dec. 7, 2021).

Just as Wells Fargo was about to take possession of the Property, Broussard, together with Dykeba Frank, filed this suit in state court against

Wells Fargo Bank, N.A. and Wells Fargo Home Mortgage and obtained another ex parte temporary restraining order halting eviction.[3]   *See Frank v. Wells Fargo Bank, N.A.*, No. 2022-00332 (80th Jud. Dist. Ct., Harris Cnty., Tex. Jan. 4, 2022); Dkt. 1-5 at 2-3 (temporary restraining order).   Defendants removed the suit and substituted the proper entity as defendant.   Dkts. 7 & 9.

Wells Fargo then moved to dismiss under Fed. R. Civ. P. 12(b)(6) and for summary judgment.   Dkt. 15.   Plaintiffs sought an extension to file their response, *see* Dkts. 18, 20, but neglected to file anything.   Wells Fargo has also moved for sanctions under Tex. Civ. Prac. & Rem. Code § 11.054 and Fed. R. Civ. P. 11, seeking attorneys' fees and costs and requesting that Plaintiffs be declared vexatious litigants and be barred from filing suit in any court—state or federal—within the State of Texas.   *See* Dkt. 23.   Plaintiffs did not respond to this motion either.   Both motions are ripe for review.

## Legal Standard

### A.   Motion to dismiss

To survive dismissal under Rule 12(b)(6), a party must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[3] Unsworn declarations attached to the petition assert that Dykeba Frank owns the Property that previously belonged to Broussard.   Dkt. 1-4 at 16-17.

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

An affirmative defense can provide grounds for dismissal under Rule 12(b)(6) if the defense is established on the face of the pleadings. *See Kansa Reinsurance Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994). When conducting this inquiry, the Court can consider documents referenced and incorporated in the complaint and any facts for which judicial notice is appropriate. *See Funk v. Stryker Corp.*, 631 F.3d 777, 782-83 (5th Cir. 2011) (affirming judicial notice of publicly available documents containing matters of public record when resolving Rule 12(b)(6) motion).

### B.   Summary judgment

Summary judgment is warranted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material if the issue it addresses "could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379-80 (5th Cir. 2020) (citing *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)).

When resolving a motion for summary judgment, courts must view the

facts and any reasonable inferences "in the light most favorable to the nonmoving party." *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010) (internal quotation marks omitted).   "Unsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023) (quoting *Brown v. City of Hous.*, 337 F.3d 539, 547 (5th Cir. 2003)).

## Analysis

## I.   Plaintiffs' claims are barred.

### A.   Res judicata bars Plaintiffs' claims under the Texas Property Code for quiet title.

In their state court petition, Plaintiffs brought claims under the Texas Property Code, to quiet title, and under the Texas Civil Practice and Remedies Code.   *See* Dkt. 1-4 at 6-10.   For the first two claims, Wells Fargo seeks dismissal based on res judicata.   *See* Dkt. 15 at 10-13.

Res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Duffie v. United States,* 600 F.3d 362, 372 (5th Cir. 2010) (internal quotation marks omitted).   To prevail on this defense, Wells Fargo must show: "(1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) there

has been a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits." *Id.*

"Although *res judicata* generally cannot be raised in a motion to dismiss and should 'be pleaded as an affirmative defense,' dismissal under Rule 12(b)(6) is appropriate if the *res judicata* bar is apparent from the complaint and judicially noticed facts and the plaintiff fails to challenge the defendant's failure to plead it as an affirmative defense." *Anderson v. Wells Fargo Bank, N.A.*, 953 F.3d 311, 314 (5th Cir. 2020) (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005)).   That is the case here. Plaintiffs have not challenged Wells Fargo's invocation of res judicata in its Rule 12(b)(6) motion (or responded at all), and both the complaint and judicially noticeable facts conclusively establish the defense.

> ### 1.   The Texas Property Code claims were litigated and resolved in the 2018 and 2020 Suits.

Plaintiffs' claims under the Texas Property Code are barred because they were fully litigated and dismissed on the merits by two district judges of this Court.   In the 2018 Suit, Plaintiffs alleged violations of Texas Property Code § 51.002(b).   *See* Dkt. 15-16 at 5-7.   There, Plaintiffs claimed that SLS failed to provide proper notice of default—along with notice of intent to accelerate—and that SLS failed to give proper notice of the foreclosure sale.   *See id.*   But the Court rejected this claim because Plaintiffs failed to allege that a foreclosure

had occurred—a precondition for suit. *Broussard*, 2019 WL 13254589, at *2. Ultimately, the Court entered a final default judgment against Plaintiffs. 2018 Suit, No. 4:18-cv-02415, Dkt. 33 (S.D. Tex. Sept. 18, 2019).

Moreover, in the 2020 Suit, another district judge of this Court concluded that res judicata barred Broussard's renewed claims under the Texas Property Code. The Court held that all of Plaintiffs' claims—including their allegations that SLS failed to provide the requisite notice of default, acceleration, and foreclosure sale—were resolved in 2018. *See Frank*, 2020 WL 3473716, at *3-4. That suit, too, resulted in a final judgment dismissing Broussard's claims with prejudice. 2020 Suit, 4:20-cv-00476, Dkt. 16 (entered June 24, 2020).

For the second element, this Court had supplemental jurisdiction in the 2018 and 2020 Suits to resolve the Property Code claims, based on Plaintiffs' other, federal claim under the Real Estate Settlement Practices Act. *See* 28 U.S.C. §§ 1331, 1367. *See* 2018 Suit, 4:18-cv-02415, Dkt. 1 at 3 (notice of removal); 2020 Suit, 4:20-cv-00476, Dkt. 1 at 2-3 (notice of removal). Regarding the third element, the prior dismissals of the Property Code claim under Rules 12(b)(6) and 12(c) qualify as judgments on the merits. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (Rule 12(b)(6) dismissal "is a judgment on the merits") (internal quotation marks omitted); 5C Charles Alan Wright, et al., Federal Practice and Procedure § 1367 (3d ed. 1998) (order granting Rule 12(c) motion is a judgment on the

10

merits). And as noted, the Property Code claims in the 2018 and 2020 Suits are functionally identical to the one here, thus satisfying the fourth element.

The remaining inquiry concerns the first element: whether the parties in the prior suits were at least in privity with the parties in this suit. For this requirement, courts consider "whether there is a pre-existing legal relationship between the parties in the two actions." *Bellot v. Wells Fargo Bank, N.A.*, 2014 WL 2434170, at *2 (S.D. Tex. May 29, 2014) (citing *Taylor v. Sturgell*, 553 U.S. 880, 894 (2008)). As numerous decisions reflect, "the relationship between a mortgage holder, a mortgage servicer, and a mortgage lender's nominee is generally sufficient to establish the privity needed for res judicata." *Id.* (citing *Maxwell v. U.S. Bank, N.A.*, 554 F. App'x 470, 473 (5th Cir. 2013)); *see also, e.g.*, *U.S. Bank Nat'l Ass'n v. Lamell*, 2021 WL 954848, at *4 (S.D. Tex. Jan. 18, 2021) (collecting cases), *adopted by* 2021 WL 951881 (S.D. Tex. Mar. 11, 2021); *Witherspoon v. AMCAP Mortgage, Ltd.*, 2018 WL 4560602, at *3 (S.D. Tex. Sept. 4, 2018), *adopted by* 2018 WL 4554508 (S.D. Tex. Sept. 21, 2018).

Whereas the defendant in the 2018 and 2020 Suits was SLS, the mortgage servicer, Plaintiffs sued Wells Fargo here, in its capacity as trustee. *Compare* Dkt. 15-16 (petition in 2018 Suit), *and* Dkt. 15-11 at 6-7 (petition in 2020 Suit), *with* Dkt. 1-2 (petition in this suit), *and* Dkt. 9 (granting substitution of Wells Fargo as trustee). SLS and Wells Fargo have a pre-existing legal relationship with respect to the underlying loan. SLS continued

11

to service the loan after Wells Fargo acquired it from Home123 in 2015.  *See* Dkt. 15-3 (assignment of deed of trust to Wells Fargo, care of SLS); Dkt. 15-4 (notice of default serviced by SLS).  This relationship satisfies the privity requirement.  *See, e.g.*, *Lamell*, 2021 WL 954848, at *4.  Res judicata warrants dismissal of Plaintiffs' Property Code claim.

> 2.   The quiet title claim also was litigated and resolved in the 2018 and 2020 Suits.

The result is the same for Plaintiffs' quiet title claim.  Plaintiffs asserted their rights to quiet title in the 2018 and 2020 Suits.  *See* Dkt. 15-16 at 8 (enumerating basic elements); *see also* Dkt. 15-11 at 9 (identical).  In both prior suits, other judges of this Court rejected the quiet title claim, with the latter decision dismissing it based on res judicata.  *See Broussard*, 2019 WL 13254589, at *3-4 (dismissing quiet title claim under Rule 12(b)(6)); *Frank,* 2020 WL 3473716, at *4 (res judicata).

As already noted, the first three elements of res judicata are met: (1) the defendant SLS is in privity with Wells Fargo, the defendant here; (2) the Court had jurisdiction over the 2018 and 2020 Suits; and (3) both lawsuits resulted in a final judgment on the merits.  The final element is likewise met because Plaintiffs' quiet title claim is the same cause of action as the one in the 2018 and 2020 Suits.  Although Plaintiffs' allegations are more detailed in this action than in the previous two, *compare* Dkt. 1-4 at 7-9, *with* Dkt. 15-11 at 9,

*and* Dkt. 15-16 at 8 (boilerplate language), Plaintiffs nonetheless had their opportunity to raise and litigate these issues in the 2018 and 2020 Suits.  Res judicata therefore precludes their quiet title claim, warranting its dismissal.

### B.    Wells Fargo is entitled to summary judgment on Plaintiffs' claim under Tex. Civ. Prac. & Rem. Code Ann. § 12.002.

Plaintiffs' last claim alleges that Wells Fargo violated Texas Civil Practice and Remedies Code § 12.002 by using fraudulent documents to establish a lien on the Property.  Moving for summary judgment, Wells Fargo argues that (1) as mortgagee, it has the legal right to enforce foreclosure; and (2) Plaintiffs lack standing to contest the assignment of the note or deed of trust.  *See* Dkt. 15 at 16-18 ¶¶ 51-52 ("Both Defendant's summary judgment evidence and a simple review of the real property records confirm Plaintiffs' allegations... must fail.").  The Court agrees that the evidence conclusively establishes Wells Fargo as the rightful assignee of the original deed of trust. Indeed, having failed to respond, Plaintiffs have presented no evidence suggesting that Wells Fargo's assignment is fraudulent.

To recover under Section 12.002, a plaintiff must show that "the defendant (1) made, presented, or used a document with knowledge that it was a 'fraudulent lien or claim against real or personal property or an interest in real or personal property,' (2) intended that the document be given legal effect, and (3) intended to cause the plaintiff physical injury, financial injury, or

mental anguish." *Golden v. Wells Fargo Bank, N.A.*, 557 F. App'x 323, 326-27 (5th Cir. 2014) (citing *Henning v. OneWest Bank FSB*, 405 S.W.3d 950, 964 (Tex. App.—Dallas 2013, no pet.)); *see also Green v. Amerihome Mortg. Co., LLC*, 2020 WL 2106692, at *3 (S.D. Tex. Apr. 16, 2020), *adopted by* 2020 WL 2104639 (S.D. Tex. May 1, 2020).

Plaintiffs' allegations are vague and conclusory. Although they assert that Wells Fargo "made, presented or used documents or records with knowledge that the documents or other records were a fraudulent court record or a fraudulent lien or claim against real property or an interest in real property," they do not identify the documents at issue. *See* Dkt. 1-4 at 10.

But Wells Fargo's evidence establishes that it holds a valid interest in the Property. Under the deed of trust, Home123 was the original lender, with MERS acting as the nominee. *See* Dkt. 15-1 at 1-2. MERS then assigned the deed of trust to Wells Fargo on July 23, 2015, through SLS. *See* Dkt. 15-3 at 1. Moreover, the sworn declaration of Cynthia Wallace, the Second Assistant Vice President of SLS, avers that Home123 validly assigned the deed of trust to Wells Fargo. Dkt. 15-14 at 1-2 ¶¶ 1, 8.

Plaintiffs proffered no evidence suggesting that Wells Fargo "made, presented, or used a document with knowledge that it was a fraudulent lien or claim ...." *Golden,* 557 F. App'x at 326-27 (internal quotation marks omitted).

14

This Court should grant Wells Fargo's motion for summary judgment on Plaintiffs' claim under Section 12.002.

**II.  Monetary sanctions are warranted, but not a pre-suit injunction under Tex. Civ. Prac. & Rem. Code § 11.054 or Fed. R. Civ. P. 11.**

Invoking Texas law, Wells Fargo asks the Court to impose $5,801 in sanctions against Plaintiffs for filing groundless claims.  Dkt. 15 at 21 (citing Tex. Civ. Prac. & Rem. Code § 9.011, *et seq.*; *id.* § 10.001, *et seq.*).  Wells Fargo also requests a declaration under Texas Civil Practice & Remedies Code § 11.054 or Federal Rule of Civil Procedure 11 that Plaintiffs are vexatious litigants and the issuance of an injunction prohibiting Plaintiffs from filing new cases in any federal or state court without permission from "the administrative judge of the Court in which they intend to file ...."[4]  Dkt. 23 at 12-13.  Dkt. 23 at 12-13.

**A.  Texas law governs the requests for sanctions.**

A threshold question is whether federal or state law governs the requests for sanctions.  As the Fifth Circuit has held, "[t]he federal rules do not apply to

---

[4] In passing, Wells Fargo embeds a request for an "Order expunging the Rescission of Substitute Trustee's Deed, Deed of Trust, and Assignment of Deed of Trust from the Harris County Real Property Records" that Frank-Broussard filed on August 31, 2021.  Dkt. 23 at 14-15; *see also* Dkt. 23-16 (Exhibit P).  Unlike in the 2018 Suit, Wells Fargo has not asserted any affirmative claims for relief that could support that remedy.  *Compare with* 2018 Suit, No. 4:18-cv-02415, Dkt. 15 (S.D. Tex. Sept. 27, 2018) (asserting counterclaim to expunge Aug. 2, 2017 and June 5, 2018 documents purporting to rescind the deed of trust), *and id.*, Dkt. 33 (entering default judgment on the counterclaim, declaring the documents to be "invalid and of no effect").  Wells Fargo's request to invalidate the August 31, 2021 document should be denied.

filings in state court, even if the case is later removed to federal court." *Tompkins v. Cyr*, 202 F.3d 770, 787 (5th Cir. 2000); *see also, e.g.*, *Taylor v. Bailey Tool & Mfg. Co.*, 744 F.3d 944, 946 (5th Cir. 2014) (Federal Rules of Civil Procedure do not apply retroactively to "aspects of a case that occurred in state court prior to removal to federal court"); Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action *after it is removed* from a state court.") (emphasis added).   State sanctions rules therefore apply to pleadings filed in state court before the case is removed.   *See Tompkins*, 202 F.3d at 787 (affirming application of Tex. R. Civ. P. 13 to pre-removal filings in state court); *see also, e.g.*, *DTND Sierra Invs., L.L.C. v. HSBC Bank USA, N.A.*, 627 F. App'x 285, 287-88 (5th Cir. 2015) (per curiam) (affirming sanctions under chapter 10 of the Texas Civil Practice and Remedies Code for "aspects of a case that occurred in state court prior to removal to federal court").

Here, the challenged conduct concerns Plaintiffs' filing of a wholly groundless suit solely to delay Wells Fargo's exercise of its contractual right to foreclose on the Property.   Because the suit was filed in state court, Texas law governs Wells Fargo's request for sanctions.

## B.   Monetary sanctions are appropriate.

Texas law authorizes sanctions against attorneys or parties who file frivolous actions to harass or to cause unnecessary delay.   *See DTND Sierra Invs., L.L.C.*, 627 F. App'x at 287 (citing Tex. Civ. Prac. & Rem. Code Ann.

§ 10.001); *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 10.001–10.004. "Violations of Section 10.001 may result in a penalty 'sufficient to deter repetition of the conduct' including expenses incurred as a result of the violation, attorneys' fees, and a penalty to be paid to the court." *Id.* at 287-88 (quoting Tex. Civ. Prac. & Rem. Code § 10.004).

The decision in *DTND Sierra Investments* is instructive. There, the Fifth Circuit affirmed the imposition of $20,000 in sanctions against a plaintiff who "engaged in a scheme to delay foreclosures by petitioning for temporary restraining orders in state court and dismissing those claims upon removal." *DTND Sierra Invs.*, 627 F. App'x at 288. The Fifth Circuit emphasized DTND's previous filing of "four materially identical actions that were dismissed on the merits" when concluding that "DTND had knowledge its claims were meritless but nevertheless filed to delay foreclosure." *Id.*

In much the same way, Plaintiffs knowingly filed this baseless suit for an improper purpose. Frank-Broussard stopped paying her mortgage in December 2015. Dkt. 15-4 (Jan. 17, 2016 notice of default). After filing multiple bankruptcy petitions that were dismissed, she filed two lawsuits (the second one with Dykeba Frank) attempting to forestall the foreclosure of the Property, both of which were removed to this Court and rejected on the merits. *See Broussard*, 2019 WL 13254589, at *1; *Frank*, 2020 WL 3473716, at *3-4. Yet Plaintiffs have persisted in attempting to obstruct the foreclosure process

17

by filing this third suit asserting substantively identical claims that had been resolved and rejected on the merits.[5]  Tellingly, Plaintiffs did not even attempt to defend their recycled claims in this suit; they never responded to Wells Fargo's arguments for dismissal and for sanctions.

The record reflects that Plaintiffs' attorney, Rodney E. Moton, signed the original petition.  *See* Dkt. 1-4 at 15.  In doing so, Mr. Moton certified that he had conducted a "reasonable inquiry" and that the pleading was not "groundless and interposed for any improper purposes, such as to cause unnecessary delay ...."  Tex. Civ. Prac. & Rem. Code Ann. § 9.011(3).  The Court finds it doubtful that Mr. Moton made the requisite inquiry before filing this suit.[6]  Nonetheless, Mr. Moton was not involved in Plaintiffs' prior suits. Rather, it was Plaintiffs who chose to file this latest suit as part of a years-long campaign to prevent foreclosure.  As a result, sanctions are most justly imposed directly on Plaintiffs.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 10.004(a) (authorizing sanctions against the person who signed the pleading, "a party represented by the person, or both").  A monetary sanction is

---

[5] Indeed, uncontroverted evidence reflects that Wells Fargo obtained a judgment of possession from a state court after purchasing the Property at a foreclosure sale on February 4, 2020.  *See* Dkt. 23-15 ¶¶ 11, 13.  By filing this suit and obtaining another ex parte Temporary Restraining Order, Plaintiffs thwarted Wells Fargo from exercising its right to take possession of the Property.  *See id.*

[6] Mr. Morton is warned that sanctions could be imposed against him, personally, for future failures to conduct a reasonable inquiry and ensure that claims asserted on his client's behalf have an adequate basis in law and fact.

warranted both to deter Plaintiffs from repeating their misconduct, *see id.* § 10.004(b), and to compensate Wells Fargo for its reasonable attorneys' fees and costs incurred defending a suit that should not have been filed, *see id.* § 10.004(c)(3) (authorizing "an order to pay to the other party the amount of the reasonable expenses incurred by the other party because of the filing of the pleading or motion, including reasonable attorney's fees").

Wells Fargo requests $5,801 in reasonable attorneys' fees, *see* Dkt. 15 at 21; Dkt. 23 at 14, but its supporting affidavit fails to substantiate that this sum is reasonable and necessary. "[T]he fact finder's starting point for calculating an attorney's fee award is determining the reasonable hours worked multiplied by a reasonable hourly rate, and the fee claimant bears the burden of providing sufficient evidence on both counts." *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 498 (Tex. 2019). Here, the affidavit of Wells Fargo's counsel discloses the hourly rates charged ($275 for the affiant, Branch Sheppard, and $260 for unnamed associates), but does not identify the number of hours expended by a particular attorney. *See* Dkt. 15-15 (Ex. P). Reciting "generalities" purportedly indicating that the total amount is "not sufficient to support a fee-shifting award under the lodestar method, which applies in fee-shifting situations." *Rohrmoos Venture*, 578 S.W.3d at 496. The Court

therefore orders Wells Fargo to submit further substantiation for the quantum of fees and costs sought as sanctions.[7]

## C. The requirements for a pre-suit injunction are not satisfied.

As a further remedy, Wells Fargo requests that this Court classify Plaintiffs as vexatious litigants under Texas Civil Practice and Remedies Code § 11.054 and issue an injunction barring Plaintiffs from filing new suits without prior permission from an administrator of that court. Dkt. 23 at 11-14. The requirements under Section 11.054 are very specific. Wells Fargo does not attempt to show that they are satisfied. *See id*. at 12 (asserting with zero analysis that "there is no question that this Court should grant the relief Defendant seeks"). They are not met here.

Section 11.054 provides three alternative avenues for finding a plaintiff to be a "vexatious litigant":

> A court may find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant and that:
>
> (1)    the plaintiff, in the seven-year period immediately preceding the date the defendant makes the motion under Section 11.051, has commenced, prosecuted, or maintained *at least five litigations as a pro se litigant* other than in a small claims court that have been:

---

[7] The same deficiency in proof impairs the Court's ability to resolve Wells Fargo's alternative request for attorneys' fees and costs based on Section 9 of the Deed of Trust.   *See* Dkt. 15 at 19-20 (alleging contractual basis for fee recovery, citing *Richardson v. Wells Fargo Bank, N.A.*, 740 F.3d 1035 (5th Cir. 2014)).

    (A)    finally determined adversely to the plaintiff;

    (B)    permitted to remain pending at least two years without having been brought to trial or hearing; or

    (C)    determined by a trial or appellate court to be frivolous or groundless under state or federal laws or rules of procedure;

(2)    after a litigation has been finally determined against the plaintiff, the plaintiff repeatedly relitigates or attempts to relitigate, *pro se*, either:

    (A)    the validity of the determination against the same defendant as to whom the litigation was finally determined; or

    (B)    the cause of action, claim, controversy, or any of the issues of fact or law determined or concluded by the final determination against the same defendant as to whom the litigation was finally determined; or

(3)    the plaintiff has previously been declared to be a vexatious litigant by a state or federal court in an action or proceeding based on the same or substantially similar facts, transaction, or occurrence.

Tex. Civ. Prac. & Rem. Code Ann. § 11.054 (emphasis added). Wells Fargo invokes only alternatives (1) and (2). Dkt. 23 at 11-12.

Section 11.054(1) does not apply because Plaintiffs have not maintained "at least five litigations as a pro se litigant" during the past seven years that fit the requirements. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.054(1). Wells Fargo has identified six prior suits: four bankruptcy petitions filed by Frank-Broussard, the 2018 Suit involving both Plaintiffs; and the 2020 Suit filed by Frank-Broussard. *See* Dkt. 23 at 4-8. But Frank-Broussard was represented

by counsel in two of those suits—when filing her first bankruptcy petition, *In re Frank-Broussard*, 4:16-bk-33360, Dkt. 1 (Bankr. S.D. Tex. Jul. 4, 2016); *id.* at 19, and when filing the 2018 Suit (although counsel later withdrew), *see Frank Broussard v. Specialized Loan Servicing, LLC*, No. 4:18-cv-02415, Dkt. 1-1 at 14 (S.D. Tex. July 13, 2018) (attorney LaToya Jarrett); *id.*, Dkt. 12 (order granting withdrawal). And Plaintiffs are represented by counsel in this suit.[8]

Section 11.054(2) is likewise inapplicable because Plaintiffs are not attempting to relitigate a prior determination *pro se* here. Tex. Civ. Prac. & Rem. Code § 11.054(2). Plaintiffs filed this case while represented by counsel. Plaintiffs therefore do not qualify as vexatious litigants under Section 11.054.

Finally, as noted *supra*, Part II.A, Federal Rule of Civil Procedure 11 does not govern Wells Fargo's allegations that Plaintiffs filed a groundless suit in state court, which Wells Fargo chose to remove. Regardless, Wells Fargo failed to comply with procedural requirements for obtaining relief under Rule 11. *See* Fed. R. Civ. P. 11(c)(2) (prohibiting the filing of Rule 11 motion unless it was first served on the opposing party, who then has 21 days to withdraw the challenged filing); *Elliott v. Tilton*, 64 F.3d 213, 216 (5th Cir. 1995) (reversing imposition of Rule 11 sanctions because the movant failed to

---

[8] According to Wells Fargo's certificate of conference, Plaintiffs' counsel stated that he no longer represents Plaintiffs. Dkt. 23 at 16. But counsel never filed a motion to withdraw and purportedly acknowledged that "he needs to file a Motion to Withdraw as Counsel"; he therefore remains counsel of record. *Id.*

comply with the safe harbor provision in Fed. R. Civ. P. 11(c)(2)). This failure to satisfy mandatory requirements for Rule 11 sanctions provides a further basis for denying the requested pre-suit injunction.

## <u>Recommendation</u>

For the foregoing reasons, it is **RECOMMENDED** that the Court **GRANT** the combined motion to dismiss and motion for summary judgment filed by Defendant Wells Fargo Bank, N.A., as Trustee for the Mastr Asset Backed Securities Trust 2007-NCW Mortgage Pass-Through Certificates Series 2007-NCW (Dkt. 15).

It is further **RECOMMENDED** that the Court enter a separate final judgment pursuant to Fed. R. Civ. P. 58(a) **DISMISSING WITH PREJUDICE** all claims filed by Plaintiffs Dykeba Shenae Frank and Yolanda Frank Broussard, and directing that Plaintiffs take nothing on their claims.

It is further **RECOMMENDED** that the Court **GRANT IN PART** Wells Fargo's request for sanctions (Dkt. 15; Dkt. 23) under Tex. Civ. Prac. & Rem. Code § 10.004(c)(3), consisting of reasonable attorneys' fees and costs in an amount to be determined, but **DENY IN PART** Wells Fargo's further requests for (1) a declaration that Plaintiffs are vexatious litigants under either Tex. Civ. Prac. & Rem. Code § 11.054 or Fed. R. Civ. P. 11, and (2) an order invalidating the Rescission of Substitute Trustee's Deed, Deed of Trust, and Assignment of Deed of Trust (RP-2021-498201).

23

It is further **ORDERED** that Wells Fargo file, no later than **August 4, 2023**, an amended or supplemental application that adequately justifies the amount and reasonableness of attorneys' fees and costs sought as sanctions.

**The parties have fourteen days from service of this Report and Recommendation to file written objections.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.  *Ortiz v. City of San Antonio Fire Dep't*, 806 F.3d 822, 825 (5th Cir. 2015).**

Signed on July 21, 2023, at Houston, Texas.

Yvonne Y. Ho
United States Magistrate Judge