United States District Court
Southern District of Texas

**ENTERED**

August 16, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DYKEBA FRANK, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-00065 |
| | § | |
| (SIOUX FALLS) WELLS FARGO BANK, | § | |
| N.A., *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are United States Magistrate Judge Yvonne Y. Ho's Memorandum and Recommendation filed on July 21, 2023 (Doc. #26) and Defendant Wells Fargo Bank, N.A.'s Objections (Doc. #27). The Magistrate Judge's findings and conclusions are reviewed de novo. FED. R. CIV. P. 72(b); 28 U.S.C. § 636(b)(1); *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). Having reviewed the parties' arguments and applicable legal authority, the Court adopts the Memorandum and Recommendation as its Order.

In her Memorandum and Recommendation, Judge Ho recommends that the Court grant Defendant Wells Fargo Bank, N.A.'s ("Defendant" or "Wells Fargo") request for monetary sanctions, specifically for reasonable attorneys' fees and costs, and deny Defendant's request to declare that Plaintiffs Dykeba Frank and Yolanda Frank-Broussard ("Frank-Broussard") (collectively, "Plaintiffs") are vexatious litigants under Section 11.054 of the Texas Civil Practice & Remedies Code ("Section 11.054"). Doc. #26 at 23. Defendant objects to the denial of its vexatious litigant request, arguing that the recommendation "contradicts the plain language of [Section 11.054(1)]." Doc. #27 at 6.

Section 11.054(1) provides that a court "*may* find a plaintiff a vexatious litigant if the defendant shows that there is not a reasonable probability that the plaintiff will prevail in the litigation against the defendant," and the defendant also shows that the plaintiff has "commenced, prosecuted, or maintained at least five litigations as a pro se litigant other than in small claims court" within "the seven-year period immediately preceding the date the defendant makes the motion." TEX. CIV. PRAC. & REM. CODE ANN. § 11.054(1) (emphasis added). Section 11.054 is permissive, not mandatory. *Id.* As Defendant acknowledges, "declaring individuals vexatious litigants is an extreme measure." Doc. #27 at 6. And the Court declines to impose such an extreme sanction on Plaintiffs at this time, especially considering that the Court is willing to impose monetary sanctions to punish Plaintiffs for their conduct.

Accordingly, the Court finds that Defendant's Combined Motion to Dismiss and Motion for Summary Judgment (Doc. #15) is GRANTED, and this case is hereby DISMISSED WITH PREJUDICE. Further, Defendant's Request and Motion for Sanctions (Doc. #15; Doc. #23) is GRANTED as to Defendant's request for sanctions under Texas Civil Practices and Remedies Code § 10.004(c)(3) for reasonable attorneys' fees and costs totaling $14,789.66 and DENIED as to Defendant's requests for (1) a declaration that Plaintiffs are vexatious litigants under Section 11.054 or Federal Rule of Civil Procedure 11, and (2) an order invalidating the Rescission of Substitute Trustee's Deed, Deed of Trust, and Assignment of Deed of Trust.

It is so ORDERED.

_____
AUG 1 6 2023
Date

_____
The Honorable Alfred H. Bennett
United States District Judge

2